UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAZARO FERNANDEZ,
       Plaintiff,

v.                                               CIVIL ACTION NO.
                                                  19-10160-NMG

JONATHAN W. BLODGETT,
       Defendant.

MEMORANDUM AND ORDER

GORTON, J.                                                 July 18, 2019

For the reasons stated below, the plaintiff is Ordered to file an amended complaint by August 30, 2019.

I.    Background

Plaintiff Lazaro Fernandez ("Fernandez") was convicted by a jury in the Massachusetts Superior Court of orally raping a fourteen-year-old girl in violation of Mass. Gen. Laws ch. 265, §23. Com. v. Fernandez, 83 Mass. App. Ct. 1107 (2013). His conviction was affirmed by the Massachusetts Appeals Court. Id. On March 4, 2013, further appellate review was denied by the Supreme Judicial Court. Com. v. Fernandez, 464 Mass. 1107 (2013).

On November 25, 2013, Fernandez filed a pro se motion for a new trial and for DNA testing in the Superior Court pursuant to Mass. Gen. Laws. ch. 278A, §§1 - 18 ("Chapter 278A").[1] Fernandez v. Ryan, No. CV 15-11116-RGS, 2015 WL 9703691, at *1, 4 (D. Mass. Dec. 15, 2015), report and recommendation adopted sub nom. Fernandez v. Ryan, No. CV 15-11116-RGS, 2016 WL 183520 (D. Mass. Jan. 14, 2016). The motion was denied on December 4, 2013. Id. According to the Massachusetts Appeals Court, "the trial judge denied that motion based on his conclusion that '[t]he defendant has not shown, and the court cannot discern, how DNA testing would have an impact on this case.'" Com. v. Fernandez, 94 Mass. App. Ct. 1109 (2018). The denial was affirmed by the Massachusetts Appeals Court which held "the judge did not err because. . . [Fernandez]. . . failed to include any of the information required by G.L. c. 278A, § 3(b) in his motion for DNA testing." Com. v. Fernandez, 86 Mass. App. Ct. 1123 (2014).[2]

---

[1] Chapter 278A was enacted in 2012, and has been described by a student commentator as a "model for other states." Theodore Tibbitts, Post-Conviction Access to DNA Testing: Why Massachusetts's 278a Statute Should Be the Model for the Future, 36 B.C.J.L. & Soc. Just. 355, 384 (2016).

[2] A motion under Chapter 278 must include the following information:

> (1) the name and a description of the requested forensic or scientific analysis;

2

On March 23, 2015, Fernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this court. Fernandez v. Ryan, Civ No. 1:15-cv-11116-RGS, Petition, ECF No. 1. In that petition, Fernandez claimed, among other things, that DNA testing was sought and denied erroneously. Id. The

---

(2) information demonstrating that the requested analysis is admissible as evidence in courts of the commonwealth;
(3) a description of the evidence or biological material that the moving party seeks to have analyzed or tested, including its location and chain of custody if known;
(4) information demonstrating that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case; and
(5) information demonstrating that the evidence or biological material has not been subjected to the requested analysis because:
    (i) the requested analysis had not yet been developed at the time of the conviction;
    (ii) the results of the requested analysis were not admissible in the courts of the commonwealth at the time of the conviction;
    (iii) the moving party and the moving party's attorney were not aware of and did not have reason to be aware of the existence of the evidence or biological material at the time of the underlying case and conviction;
    (iv) the moving party's attorney in the underlying case was aware at the time of the conviction of the existence of the evidence or biological material, the results of the requested analysis were admissible as evidence in courts of the commonwealth, a reasonably effective attorney would have sought the analysis and either the moving party's attorney failed to seek the analysis or the judge denied the request; or
    (v) the evidence or biological material was otherwise unavailable at the time of the conviction.

Mass. Gen. Laws ch. 278A, §3(b).

3

Magistrate Judge recommended that the petition be denied as to this ground because it was procedurally defaulted, without any attempt by Fernandez to show cause or prejudice, or actual innocence. Fernandez, 2015 WL 9703691 at *4. The Magistrate Judge further recommended that the state trial judge's denial of Fernandez' motion was not an unreasonable application of clearly established federal law:

> [T]he state trial judge's denial of Fernandez's motion was not an unreasonable application of clearly established federal law. In District Attorney's Office for the Third Judicial District, 557 U.S. at 72, the Supreme Court held that there is no substantive due process right to DNA testing. Rather, a prisoner seeking DNA analysis is entitled only to procedural due process and bears the burden of demonstrating the inadequacy of state-law procedures governing post-conviction relief. Id. at 70. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id. at 69. In other words, Fernandez has no right to DNA testing absent 1) a showing that existing state procedures in c. 278A are constitutionally inadequate or 2) presenting evidence showing he is properly entitled to post-conviction analysis under existing laws. Id. He has not attempted to make either showing and therefore his motion fails on both accounts.

Id. at *5. The Magistrate Judge also questioned whether, even if the evidence were tested, how it would assist Fernandez:

> It is not apparent what advantage Fernandez hopes to gain through DNA testing. Although the victim claimed Fernandez orally raped her, there was no saliva found during a forensic examination of her underwear. (Tr. IX, p. 122.) A chemist from the state crime lab testified to this fact at trial and was cross-examined. There was, however, semen discovered in her underwear. (Tr. IX, p.

4

121-123.) This was not disclosed to the jury pursuant to "rape shield" statutes. Mass. Gen. Laws c. 233 § 21B. Even if Fernandez were to gain access to DNA testing of the sperm evidence found on the victim's underwear, it is unclear how this would have positively affected the outcome of his appeal. The victim never claimed Fernandez vaginally penetrated her or even that he ever exposed his penis to her. His conviction for rape of a child was solely on the basis of oral rape. DNA analysis of the sperm evidence would not disprove the victim's allegations or prove his actual innocence.

Id. at *4 n.2.

Fernandez filed a second post-conviction motion for DNA testing. Fernandez, 94 Mass. App. Ct. at 1109. "A different Superior Court judge denied that motion, explaining in detail why the motion failed to meet the statutory prerequisite of showing that the requested testing had 'the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case.'" Id. The Massachusetts Appeals Court held:

> We begin by examining whether the second DNA motion raises issues not addressed by the first. With respect to the DNA testing issues, there are two nominal differences between the motions, which we address in turn. The first such difference has to do with what material the defendant was requesting be tested. The first DNA motion specifically requested DNA testing of the victim's underpants, while the second motion referred more generally to "the rape kit obtained in the underlying prosecution." However, there is nothing in the record to suggest that any rape kit as such ever was collected, and the Commonwealth's counsel represents that one was not. In his reply brief, the defendant makes no assertion to the contrary. Rather, he simply tries to recast his motion as one seeking "DNA testing of the 'evidence' whatever the evidence is or whatever the

>        biological material is called by counsel for [the
>        Commonwealth]." Because the only biological material
>        referenced in the record was the traces of sperm cells
>        found on the victim's underwear, the second DNA motion
>        in effect seeks DNA testing of the very same material as
>        the first.
>            The second nominal difference between the first DNA
>        motion and the second has to do with the type of DNA
>        testing that the defendant requested. The first DNA
>        motion requested "DNA testing" without further
>        specification. The second DNA motion specifically
>        requested that "Y-STR DNA" testing be done, as opposed
>        to the CODIS testing that the defendant claimed
>        previously had been done and on which the motion claimed
>        the Commonwealth had "relied" at trial. However, as the
>        Commonwealth's brief points out, the Commonwealth did
>        not rely on any DNA testing at trial; indeed, apparently
>        no DNA testing of the victim's clothing ever was done.[]
>        In any event, the arguments that the defendant now puts
>        forward in support of his second DNA motion do not turn
>        on the type of DNA testing at issue. Instead, the
>        defendant makes the same arguments he made in support of
>        his first DNA motion (namely, that DNA testing will show
>        that the victim was having sexual intercourse with a
>        third party and that this in turn will show that she is
>        lying or that she somehow had reason to fabricate her
>        claims against the defendant).
>            In sum, while there are nominal differences between
>        the first DNA motion and the second, those motions in
>        substance are the same. We already have ruled on the
>        issues the defendant seeks to raise, and the defendant
>        therefore is estopped from raising them again. See
>        Commonwealth v. Williams, 431 Mass. 71, 74-75 (2000).

Fernandez, 94 Mass. App. Ct. 1109.

On January 22, 2019, Fernandez filed a self-prepared complaint in this action against Essex County District Attorney Jonathan W. Blodgett ("Blodgett") pursuant to 42 U.S.C. §1983, seeking an injunction requiring the Commonwealth to:

>        allow DNA testing of the biology of the crime scene,
>   i.e., the victim's underwear, and that further, a

> laboratory capable of using the new Y-STR DNA test
> released in approximately 2012, possibly by Orchid-
> Cellmark of Dallas, Texas, be selected to perform the
> DNA testing sought by the plaintiff.

Compl. 11, ECF No. 1. Along with the complaint, Fernandez filed a motion for leave to proceed in forma pauperis motion that did not include the required prisoner account statement. Mot. Proceed In Forma Pauperis, ECF No. 2.

On February 8, 2019, the Court denied the motion to proceed in forma pauperis without prejudice, and Fernandez was ordered to either pay the $400 filing fee or file a renewed motion with a prisoner account statement. February 28, 2019 Order, ECF No. 4. On February 20, 2019, Fernandez paid the $400 filing fee. ECF No. 5.

On April 29, 2019, Blodgett filed a Waiver of Reply ("Waiver") under 42 U.S.C. § 1997e(g)(1), ECF No. 9. On May 8, 2019, Fernandez filed an objection to the Waiver. Objection, ECF No. 10.

II. Discussion

Blodgett's Waiver invokes a procedural mechanism particular to prisoner civil actions pursuant to 42 U.S.C. § 1997e(g)(1). Specifically, that statute provides:

> any defendant may waive the right to reply to any
> action brought by a prisoner confined in any jail,
> prison, or other correctional facility under [28 U.S.C.
> §] 1983 . . . or any other Federal law. Notwithstanding
> any other law or rule of procedure, such waiver shall

7

not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

42 U.S.C. §1997e(g)(1). The Court may order Blodgett to "reply" to the complaint if it finds that Fernandez "has a reasonable opportunity to prevail on the merits." 42 U.S.C. §1997e(g)(2). The statute does not define this phrase, nor provide guidance as to how to proceed. See Morgan v. Johnson, No. 1:17-CV-206, 2019 WL 1370124, at *6 (W.D. Mich. Feb. 26, 2019), report and recommendation adopted, No. 1:17-CV-206, 2019 WL 1359288 (W.D. Mich. Mar. 26, 2019)(citing Aaron v. Dyer, No. 15-CV-11014, 2016 WL 1698399 at *1 (E.D. Mich. April 28, 2016)).

Blodgett waived his response to the complaint because he argues that Fernandez's claim is barred by Rooker-Feldman doctrine. Waiver 2-3 (citing Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) ("The Rooker-Feldman doctrine bars jurisdiction only in the limited circumstances where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.")). He argues that while Fernandez states that he is attacking the statute, the "gravamen" of the complaint is an attack on the decisions of the Commonwealth courts. Waiver 3. Fernandez argues in his

8

complaint and opposition that Rooker-Feldman does not apply because he is not challenging the Commonwealth courts' decisions denying him the post-conviction testing, but rather the statute itself. Compl. ¶28, ¶¶31; Objection 3. The Court takes Blodgett's point. For example, Fernandez provides much detail with respect to the underlying crime and his theory of innocence, but almost no detail with respect to his attack on Chapter 278. See generally Compl. To be sure, Fernandez cannot proceed under the theory that there is a freestanding substantive Due Process right to post-conviction DNA testing under the Fourteenth Amendment, as this was expressly foreclosed by the Supreme Court in Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 72 (2009)(declining to "recognize a freestanding right to DNA evidence untethered from the liberty interests [a prisoner] hopes to vindicate with it" and concluding there is "no such substantive due process right"). Fernandez reliance on district court cases that predate the Supreme Court's ruling in Osborne, are not controlling. Nevertheless, Fernandez's complaint is not a document prepared by a lawyer and, read generously, appears to at least attempt to assert, among other things, an underdeveloped procedural due process challenge to Chapter 278A. Compl. ¶¶28, 30 (citing Skinner v. Switzer, 562 U.S. 521 (2011)); Osborne, 557 U.S. 52,

71 (2009); see Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). As the Supreme Court has held, Rooker-Feldman doctrine does not bar a procedural Due Process claim with respect to post-conviction DNA testing statutes, such as Chapter 278A. Skinner, 562 U.S. at 532.

Even under a theory of procedural Due Process, Fernandez's avenue for relief is narrow. Skinner, 562 U.S. at 525 ("We note, however, that the Court's decision in Osborne severely limits the federal action a state prisoner may bring for DNA testing. Osborne rejected the extension of substantive due process to this area . . . and left slim room for the prisoner to show that the governing state law denies him procedural due process."). Although the First Circuit has not considered the issue, the Court is persuaded that under a procedural Due Process theory, Fernandez might only facially challenge Chapter 278A (if there are facts supporting such a challenge), but may not challenge the application of that statute by the Commonwealth's courts (a so-called "as-applied" challenge) because Rooker-Feldman doctrine bars such claims. See e.g., McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010); Spuck v. Pennsylvania, 456 Fed. App'x 72, 73 (3d Cir. 2012); In re Smith, 349 Fed. App'x. 12, 15 (6th Cir.2009) Cooper v. Ramos, 704 F.3d 772, 780 (9th Cir. 2012); Alvarez v. Attorney Gen. for Fla., 679

10

F.3d 1257, 1263 (11th Cir. 2012). Rather, Fernandez's challenge may only proceed if he can plausibly allege factual allegations demonstrating that the Commonwealth's "postconviction relief procedures. . . are fundamentally inadequate to vindicate the substantive rights provided," presuming without deciding such rights exist under Chapter 278A. Osborne, 557 U.S. at 69.

Here, Fernandez's procedural Due Process claim are cabined to a few largely conclusory paragraphs that include anticipatory legal argument. For example, Fernandez alleges:

> The Rooker-Feldman doctrine does not bar this suit because Lazaro Fernandez is not challenging the state court decision itself. . . . [P]ursuant to Federal Rule of Civil Procedure 8(a)(2), Lazaro Fernandez is only required to present a plausible "short and plain" statement of his claim, not an exposition of his legal argument. And, Lazaro Fernandez has presented his argument supra that he has twice been denied access to the crime-scene biology for the purpose of DNA testing to prove he is actually innocent of the crime for which he has been convicted in state court. And, just as Skinner's counsel did not challenge the prosecution's conduct or the court decisions, so to, Lazaro Fernandez likewise challenges only Massachusetts' post-conviction DNA statute "as construed" by the Massachusetts courts.

Compl. ¶¶ 28, 30. While Fernandez is correct that Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), as pleaded his complaint fails to "'give the defendant fair notice of . . . the grounds upon which [the claim] rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

11

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). To meet the basic pleading requirements of the Federal Rules of Civil Procedure, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court rules that the complaint needs enhancement to clarify any facial procedural Due Process challenge.

Accordingly, Fernandez will be provided an opportunity to amend his complaint to clarify the narrow procedural facial Due Process claim that he appears to be asserting under Osborne and Skinner. The amended complaint shall set forth, in separately numbered paragraphs, plausible claims upon which relief may be granted. See Fed. R. Civ. P. 8 & 10. The amended complaint -- a stand-alone document, not a supplement -- will replace the original complaint. In preparing the amended complaint, Fernandez should set forth at least minimal plausible facts as to what procedural (as opposed to substantive) Due Process was due and denied. That is, he must describe "the inadequacy of the state-law procedures available to him in state post-

conviction relief." Osborne, 557 U.S. at 71 (2009). While Fernandez may attach exhibits, they are not a substitute for well pleaded allegation in the body of the Amended Complaint. The Court will review any amended complaint, pursuant to 28 U.S.C. § 1915A, and also determine whether Fernandez has a "reasonable opportunity to prevail on the merits" under 42 U.S.C. §1997e(g)(2).

III. Conclusion and Order

For the aforementioned reasons, it is hereby Ordered:

1. Fernandez shall by **August 30, 2019,** file an amended complaint that cures the defects identified above. Failure to comply with this Order will result in dismissal of this action.

2. Because Fernandez is proceeding pro se, the complaint is to be amended, and Blodgett has waived a response in this action, the Court finds good cause pursuant to Fed. R. Civ. P. 6(b)(1)(A) to extend the deadline for service until September 27, 2019. The Clerk shall issue a new summons, and provide the summons and copy of the complaint to Fernandez who must serve the summons and complaint in accordance Rule 4 of the Federal Rules of Civil Procedure.

**So Ordered.**

/s/ Nathaniel M. Gorton
**UNITED STATES DISTRICT JUDGE**